In re Deborah L. BLETHEN, Debtor.

Byron Z. Moldo, Chapter
7 Trustee, Appellant,

v.

Deborah L. Blethen, Appellee.

BAP No. CC–99–1630–WPMo.
Bankruptcy No. SV 98–1943 KL.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued on May 17, 2000.

Resubmitted on Dec. 19, 2000 [1].

Filed Feb. 6, 2001.

Joon M. Khang, Oppenheimer, Wolfe &
Donnelly, Los Angeles, CA, for Byron Z.
Moldo.

Vernon L. Ellicott, Law Offices of Vernon L. Ellicott, Westlake Village, CA, for
Deborah L. Blethen.

Before WILLIAMS [2], PERRIS and
MONTALI, Bankruptcy Judges.

## OPINION

PATRICIA C. WILLIAMS, Chief
Judge.

### I.

The Chapter 7 Trustee ("Trustee") appeals the trial court's determination that

---

1. The panel issued an Opinion on July 27, 2000, which was subsequently withdrawn pending a final resolution by the Ninth Circuit Court of Appeals in a matter involving the same controlling legal issue. This BAP appeal was resubmitted on the date the Ninth Circuit issued its Opinion.

2. Honorable Patricia C. Williams, Chief Bankruptcy Judge for the Eastern District of Washington, sitting by designation.

his objection to debtor's exemptions filed more than 30 days after the conclusion of the adjourned meeting of creditors was untimely. The court rejected the Trustee's contention that his filing with the court of a worksheet indicating that the meeting of creditors had not been concluded without setting a date for an adjourned meeting prevented the meeting of creditors from concluding. We **AFFIRM**.

## II.

### *FACTS*

Debtor filed a Chapter 7[3] petition on July 7, 1998 and the initial meeting of creditors was conducted on August 14, 1998 with debtor and her counsel attending. The Trustee, at that meeting, requested additional information regarding the debtor's exemption of certain retirement funds and at that time continued the meeting to September 18, 1998 at 9:00 a.m. A "Notice of Continued Meeting of Creditors" was filed and served and a "Trustee's Worksheet on § 341(a) Meeting Chapter 7" was filed. Both indicated that the meeting was continued to September 18, 1998 at 9:00 a.m.

The debtor provided the additional information and prior to September 18, 1998, the Trustee indicated to debtor's counsel that neither he nor debtor needed to appear on September 18, 1998. The Trustee completed the scheduled September 18, 1998 meeting without announcing or otherwise setting a continued meeting. Subsequently, the Trustee filed another "Trustee's Worksheet on § 341(a) Meeting Chapter 7" which did not set forth a date of any continued meeting but did state that the § 341(a) meeting had not been concluded. That worksheet was not served on the debtor. On November 16, 1998, debtor filed an Amended Schedule of Exemptions which indicated an increase in the value of one of her retirement funds

and added an additional one with a value of approximately $33,000.

The Trustee filed an objection to debtor's exemptions on April 14, 1999, seven months after the continued meeting held on September 18, 1998 and five months after the amendment to exemptions. After a hearing on the Trustee's objection to exemptions, the trial court held that the practice of the Trustee to "generally continue" § 341 meetings, i.e., to not continue meetings to a specific date and time and to file a worksheet indicating that the meeting has not been concluded, was not effective to prevent the § 341 meeting from concluding. The trial court held that if no specific continuance date is set, the meeting is deemed concluded on the day the meeting was last scheduled. The Trustee's objection was therefore untimely as it was filed more than 30 days after September 18, 1998, which was the last scheduled day of the meeting.

## III.

### *ISSUE ON APPEAL*

For purposes of F.R.B.P. 4003(b), is a meeting of creditors concluded when no specific date and time for a continued meeting is set before the end of either an initial § 341 meeting or an adjourned § 341 meeting which was scheduled before conclusion of an earlier meeting?

## IV.

### *STANDARD OF REVIEW*

■ The issue is purely a question of law and involves the interpretation of bankruptcy rules. The bankruptcy court's conclusions of law are reviewed *de novo. In re Professional Inv. Properties of America,* 955 F.2d 623 (9th Cir.1992), *cert. denied,* 506 U.S. 818, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992); *Ragsdale v. Haller,* 780 F.2d 794 (9th Cir.1986).

---

**3.** Unless otherwise indicated, all section and rule reference numbers are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure 1001–9036.

## V.

### DISCUSSION

█ In this case, the panel is asked to examine the method by which a trustee continued a § 341 meeting indefinitely, plainly to avoid the consequence of binding Supreme Court authority that confirms that the deadline for objecting to exemptions is absolute. The Trustee concedes that his policy is to avoid concluding Chapter 7 meetings of creditors. The policy's purpose is to avoid the 30–day deadline to object to exemptions under F.R.B.P. 4003(b) which begins to run at the conclusion of such meetings. This then gives the Trustee and creditors an unlimited time to object. This policy of "general continuances" is implemented by simply filing a Trustee's Worksheet indicating that the meeting has not been concluded and by not continuing the meeting to a specific date and time.

The Trustee argues that general continuances are appropriate as they promote administrative efficiency as the Trustee does not then have to monitor the 30–day deadline in F.R.B.P. 4003(b). Nor does the Trustee have to request an extension of the time to object to exemptions as allowed in F.R.B.P. 4003(b). This of course leaves innumerable debtors in the position of never knowing if their meetings of creditors have been concluded and never knowing when or if the trustee or a creditor will object to their exemptions. If the Trustee's practice is effective, objections filed, as in this case, seven months after the debtor attends a meeting of creditors, are timely. Conceivably, objections filed even after a discharge has been entered would be timely.

█ In order to determine whether general continuances are appropriate, F.R.B.P. 2003 must be examined. That rule requires the meeting of creditors to be held between 20 and 40 days after the

order for relief. Subsection (e) of the rule provides that the meeting

> may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice.

The Trustee correctly points out that it is discretionary with a trustee to determine that the meeting should be adjourned and not be concluded. *Bernard v. Coyne (In re Bernard)*, 40 F.3d 1028 (9th Cir.1994). In this case, the trustee exercised his discretion and continued the initial meeting held on August 14, 1998 to September 18, 1998 in accordance with F.R.B.P. 2003(e). The difficulty is that in accordance with his general continuance policy he neither announced at that continued meeting on September 18, 1998 that it would be further continued to a specific date and time, nor sent written notice of any continuance nor concluded the meeting.

F.R.B.P. 4003(b)[4] requires the trustee or any creditor to file an objection to exemptions

> within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a), or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

There is no ambiguity in this rule. It contains a deadline which if not met terminates the right to file an objection to exemptions. If a trustee or a creditor needs additional time to conduct an investigation or for any other reason, the rule allows a request for additional time to be made. The Trustee's general continuance policy not only renders this unambiguous rule meaningless, but was admittedly developed for that very purpose.

*Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) addresses the deadline contained in F.R.B.P. 4003(b). In that case, the trustee

---

4. Rule 4003(b) was amended effective December 1, 2000. For purposes of our discussion, the prior version of the rule applies.

had determined not to file an objection to the debtor's exemption of a lawsuit and several months after the objection period had past the lawsuit resulted in a substantial recovery. The trustee then filed an objection arguing that, on its face, there was no statutory or legal basis for the exemption. The trustee argued that disallowing a late objection would merely encourage debtors to claim exemptions to which they clearly were not entitled. The Supreme Court did not agree with the trustee and basically held that "the rule is the rule." Since the trustee did not file the objection within 30 days of the conclusion of the meeting of creditors nor request that the court extend the time, the right to object was lost. In this case, not only does the Trustee's policy of general continuances render F.R.B.P. 4003(b) meaningless, it is admittedly a device to avoid the holding of the Supreme Court in *Taylor.*

The issue of adjournment of meetings of creditors was recently addressed in this circuit by *Smith v. Kennedy (In re Smith),* 235 F.3d 472 (9th Cir.2000), which arose in the context of a Chapter 11 case later converted to a Chapter 7. The first meeting of creditors was held September 8, 1995, continued to September 22, 1995, and then continued to October 27, 1995 at which time it was adjourned until further notice. No further notice was ever given. The objection to exemptions was filed June 19, 1996, nearly 8 months after October 27, 1995 and prior to the conversion to a Chapter 7. Although much of the decision addresses the effect of the conversion, in addressing the timeliness of the objection to exemption filed in the Chapter 11, the *Smith* court held:

> The plain language of the statute[5] requires that for a Rule 2003(e) adjournment to be effective, it must be accompanied by an announcement of 'the adjourned date and time.' No other

procedure for adjournment is provided by rule or statute, and no other method of adjournment is permitted under Rule 2003(e). . . .

> As the Supreme Court observed in *Taylor,* '[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.' 503 U.S. at 644, 112 S.Ct. 1644. To authorize trustees to adjourn meetings indefinitely, even when it is unlikely that any subsequent meeting will in fact be called, would nullify the thirty-day requirement of Rule 4003(b), rendering the holding in *Taylor* hollow, and undermining the concerns expressed by the Supreme Court about promptness and finality. Thus, the exemption was not properly challenged in the Chapter 11 proceeding.

*Smith* at 476 (citations and footnote omitted). After a discussion of *In re Bernard* and cases from other jurisdictions regarding the issue, the *Smith* court stated:[6]

> Under any reasonable construction of the rule, a delayed announcement would have to be made at least within thirty days of the last meeting held; otherwise, the whole purpose of the thirty-day requirement of Rule 4003(b) would be frustrated. Here, no adjourned date and time was ever announced, and the creditors' meeting never resumed. The trustee failed 'to keep the process moving' in any manner.

*Id.* at 476–77 (footnotes omitted).

Not only similar facts, but the identical legal issue and the identical general continuance policy of this Trustee were at issue in *In re Hurdle,* 240 B.R. 617 (Bankr. C.D.Cal.1999). In that decision, the bankruptcy court determined that this Trustee's general continuance policy was contrary to *Taylor* and to the policy in F.R.B.P. 2003(e). It concluded that adjournment should not be used to indefinitely delay the deadline to file exemptions.

---

**5.** Presumably the court meant "rule".

**6.** Neither the *Smith* court nor this panel addresses any possibility of adjournment by written notice.

The Bankruptcy Court declined to place the burden on the debtor to seek to have the meeting concluded.

Both *Smith* and *Taylor* indicate that an indefinite time period in which to object to exemptions is inappropriate. The concern expressed by the Trustee in this case regarding his need for flexibility and, in some cases, the need for additional time to investigate are well taken. That is precisely why F.R.B.P. 2003(e) allows a trustee to adjourn and continue meetings to specific dates and times and why F.R.B.P. 4003(b) allows a trustee to conclude a meeting but request additional time to file an objection.

The dissent in *Smith* places the burden on the debtor to request a conclusion of the § 341 meeting. The Trustee herein also argues for such a result. Firstly, the Trustee argues that as it is the debtor who receives the benefit of the 30–day deadline, it should be the debtor who has the burden of imposing the deadline by seeking a conclusion of the § 341 meeting. Secondly, the Trustee argues that it is inconvenient and burdensome for a trustee to meet the deadline in F.R.B.P. 4003(b) or file a motion for extension. The rule itself places no duty on a debtor. It is not the debtor who schedules, adjourns, conducts or continues § 341 meetings. As to the argument that meeting the deadline to file objections is burdensome, the Trustee seeks to impose that inconvenience or burden on each debtor by requiring them to request the meeting be concluded. Indeed the burden on debtors would be greater. Thousands of Chapter 7 debtors would have to make such a request rather than trustees making a request for an extension only in those cases in which they cannot continue the meeting to a specific date and time or which are so complex they need additional time to investigate. Bankruptcy courts would then be required to make a case-by-case determination whether a trustee should conclude the meeting each time a debtor filed a request to conclude the meeting rather than in the relatively few cases where a trustee would seek an extension.

It may be administratively inconvenient for a trustee to meet the 30–day deadline in F.R.B.P. 4003(b) or announce a specific date and time for any continued meeting during the initial meeting. Statutory and court imposed deadlines are often inconvenient and sometimes burdensome. That does not justify ignoring them. There are many deadlines in the bankruptcy rules which particular parties may find inconvenient or burdensome but the deadlines must still be meet. This general continuance policy simply allows a trustee to avoid the unambiguous 30–day deadline and object whenever he so desires. Meanwhile all other parties can merely speculate as to whether there is any deadline to object and what it might be. The court should not be burdened with a case-by-case analysis, to review after the fact, a trustee's decision to adjourn any particular meeting of creditors. Such uncertainty benefits no one.

Compliance with the rules provides debtors with assurance that the meeting of creditors is concluded and that any objections to their exemptions will be raised promptly. Trustees are benefitted by knowing early in the case which assets are to be administered and creditors are benefitted by a clear unequivocal deadline to file their objection. Many trustees in many districts comply with F.R.B.P. 4003(b). It is understandable that Chapter 7 trustees with high case loads may find it difficult to meet the 30–day deadline of F.R.B.P. 4003(b) and may even find it difficult to announce at a meeting the date and time of any continued meeting. However, a general continuance policy is contrary to bankruptcy rules, the holding of the Supreme Court and this Circuit's decision in *Smith*. If trustees believe the 30–day deadline is unworkable, that issue needs to be addressed to the rule makers, not used as a reason for circumventing the rule.

## VI.

### *CONCLUSION*

If a meeting of creditors is not continued to a specific date and time by the conclusion of the meeting or an announcement of a continued meeting made within 30 days of the last meeting, the meeting is deemed concluded.

We therefore **AFFIRM** the trial court.