In the Matter of NEVIUS, Debtor.

No. 99–40690.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Oct. 26, 2001.

Alfred E. McClure, Lafayette, IN, for debtor.

Stacia L. Yoon, Merrillville, IN, trustee.

Amy D. Davis, Indianapolis, IN, for creditor.

### DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court with regard to the Trustee's amended motion for an extension of time to file a complaint to deny discharge and the Debtor's objection thereto. Those issues are scheduled for a hearing to be held on November 1, 2001. The trustee has, however, filed a motion to continue that hearing. That motion prompted the court to review the underlying motion for an extension of time and the Debtor's objection. Having done so, the court concludes that the Trustee's motion cannot possibly be granted. Accordingly, a hearing on the motion and the Debtor's objection would serve no purpose and, rather than reschedule the hearing as the Trustee has requested, the court will deny the Trustee's amended motion for an extension of time.

■ The court may only extend the deadline for filing complaints objecting to a debtor's discharge if the motion is filed before the deadline expires. Fed.R.Bankr. P.Rule 4004(b). In this case, the original deadline for filing complaints objecting to discharge was August 6, 2001. The amended motion was filed nine days later, on August 15, 2001. The court recognizes that the Trustee had previously filed a timely motion for an extension of time. That motion did not, however, comply with the local rules of this court, *see*, N.D.Ind. L.B.R. B–4004–1(b), and, by an order issued on August 2, 2001, she was directed to file an amended motion within eight days. Had the Trustee complied with the court's order of August 2, 2001 and filed an amended motion on or before August 10, such a timely amendment would have related back to the date of her original motion, even though the deadline would have apparently expired. *See, e.g., In re Gunn*, 111 B.R. 291 (9th Cir. BAP 1990); *In re Tester*, 56 B.R. 208 (W.D.Va.1985). The Trustee did not, however, file a timely amendment. The present motion was not filed until August 15—five days late—so

that, notwithstanding the appellation "amended," it does not relate back to the date of the previous motion. It must, instead, stand on its own. As such, it is late and cannot be granted.

■■■■ The timing of the Trustee's amended motion is not its only defect. Pursuant to Bankruptcy Rule 4004(b), the deadline for filing complaints objecting to discharge may be extended "for cause." What constitutes cause is a matter committed to the court's discretion. *See, In re Carlson,* 255 B.R. 22, 24 (Bankr.N.D.Ill. 2000); *In re Farhid,* 171 B.R. 94 (N.D.Cal. 1994); *In re Dixon,* 92 B.R. 770, 772 (M.D.Tenn.1988). Nonetheless, it is clear that an appropriate motion will identify the cause that leads the movant to seek an extension of time and should do so with some degree of specificity. *See,* Fed. R.Bankr.P.Rule 9013 ("A request for an order ... shall be by written motion.... The motion shall state *with particularity* the grounds therefor....") (emphasis added). The Trustee's motion fails to comply with this requirement. The entire basis for the requested extension is set out at paragraph 4, which states: "That at [the] § 341 Meeting of Creditors, there were certain questions and issues uncovered by the Trustee which would enable the Trustee to administer the estate." (Trustee's Am. Mot. ¶ 4.). Accepting all this to be true says nothing about why the Trustee needs additional time to decide whether she should file a complaint objecting to the debtor's discharge.

The administration of the estate has nothing to do with whether a debtor's discharge should be granted or denied. That issue is governed exclusively by § 727(a) of the United States Bankruptcy Code, which identifies specific reasons why a debtor should not receive a discharge. *See,* 11 U.S.C. § 727(a)(1)-(10). The administration of the estate is concerned with the

collection and liquidation of the debtor's assets and distributing them to creditors. Consequently, it is not uncommon, and indeed it is expected, that the debtor may receive a discharge prior to the Trustee completing the administration of the estate. This is especially so given the fact that the discharge is to be issued "forthwith," once the deadline for filing complaints objecting to it expires, and that deadline passes relatively early in the case. *See,* Fed.R.Bankr.P.Rule 4004(a) & (c). The administration of an estate, however, can take years. It is this reality, combined with the fact that even after discharge a debtor continues to have obligations in connection with the case, that lies behind § 727(d), which permits the court to revoke a discharge after it has been granted. *See,* 11 U.S.C. § 727(d). Such a proceeding can be initiated any time before the case is closed. 11 U.S.C. § 727(e)(2)(B). As a result, the granting of a discharge early in the case is, in one sense, conditioned upon the debtor's continued good behavior. If it fails to fulfill the obligations imposed upon it, the court may take back the discharge it previously granted.

■■■■ The Trustee's articulated "cause" for an extension of time in no way implicates a need for additional information or investigation concerning the debtor's conduct or any of the other issues associated with the statutory reasons justifying denial of discharge. As such, it does not, in the court's opinion, state sufficient cause why the Trustee needs more time to make a decision concerning whether she should file such a complaint. *See, In re Leary,* 185 B.R. 405, 406 (Bankr.D.Mass.1995) (motion denied where no indication given to suspect grounds existed to object to discharge). *See also, In re James,* 187 B.R. 395, 397 (Bankr.N.D.Ga.1995) (granting motion to extend deadline to file dis-

chargeability action where special circumstances were demonstrated); *In re Floyd,* 37 B.R. 890, 891 (Bankr.N.D.Tex.1984) (granting motion where debtor's affairs were complex and creditor needed additional time to undertake discovery, to be sure of its allegations, before filing an objection to discharge).

 The third significant defect in the Trustee's motion is that the extension of time she seeks is all but unlimited. Most requests for an extension of time within which to act state the date to which the deadline is to be extended. This is not only a matter of common sense; it is also often required by the court's local rules. *See e.g.,* N.D.Ind.L.R. 6.1(c); N.D.Ind. L.B.R. B–6006–1(b), B–9006–1(c). After all, if one is going to extend a particular deadline, it helps to know what the new deadline will be. *See,* N.D.Ind.L.B.R. B–4004–1(b). Rather than asking for an extension of time to a date certain, the Trustee has asked the court to extend the deadline "until such time as the Trustee files a Report of No Distribution or a Final Account." (Trustee's Am. Mot. ¶ 5.) Yet, the Trustee is the one who controls whether and when these things will be filed. Consequently, to grant the present motion would place the Trustee in the sole and exclusive control of when, whether, and if the deadline will ever expire. This is no deadline whatsoever. Given the significance associated with the entry of discharge, *see, e.g.,* 11 U.S.C. §§ 362(c)(2)(C), 524, all concerned—the trustee, debtors and creditors—are entitled to know when that event is scheduled to occur. *Cf. Matter of Blethen,* 259 B.R. 153, 157 (9th Cir. BAP 2001) (parties should not have to "speculate as to whether there is any deadline to object [to claimed exemptions] and what it might be."). Under the extended deadline the Trustee has requested, no one, not even the Trustee, will know when that may happen. This is unacceptable. *Cf., In re Smith,* 235 F.3d 472, 476 (9th Cir.2000); *Blethen,* 259 B.R. 153, 155–157 (the deadline for filing objections to claimed exemptions is not extended by indefinitely continuing the meeting of creditors).

For all of these reasons, the Trustee's amended motion for an extension of time to object to the debtor's discharge will be denied. An order doing so will be entered.