RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0023p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

IN RE: CATERINA BIONDO,

*Debtor*.

─────────────────────────────────────────

CATERINA BIONDO,

*Appellant*,

v.

GOLD, LANGE, MAJOROS & SMALARZ, P.C.,

*Appellee*.

No. 22-1666

───────────────

Appeal from the United States District Court for the Eastern District of Michigan at Port Huron;
No. 21-cv-11462—Robert H. Cleland, District Judge.

United States Bankruptcy Court for the Eastern District of Michigan at Detroit;
No. 18-bk-49025—Thomas J. Tucker, Bankruptcy Judge.

Decided and Filed:  February 8, 2023

Before:  SUTTON, Chief Judge; SILER and MATHIS, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  James C. Warr, JAMES C. WARR & ASSOCIATES, PLC, Southfield, Michigan, for Appellant.  Elias T. Majoros, GOLD, LANGE, MAJOROS & SMALARZ, P.C., Southfield, Michigan, for Appellee.

───────────────

## OPINION

───────────────

SUTTON, Chief Judge.  Caterina Biondo objects to $2,880 in fees awarded to attorneys in her bankruptcy.  The bankruptcy court rebuffed her objection, reasoning that the fees

compensated the attorneys for services reasonably likely to benefit Biondo's bankruptcy estate. We affirm.

I.

Biondo sought bankruptcy relief under Chapter 7 in June 2018.  The bankruptcy court appointed Stuart Gold to serve as trustee of Biondo's estate.  Gold's law firm, Gold, Lange, Majoros & Smalarz, P.C., represented Gold.

Before the bankruptcy filing, Biondo experienced an automobile accident.  Her bankruptcy papers listed "[a]uto accident," valuation "[u]nknown," as a "[c]laim[]" that Biondo held "against third parties."  R. 4 at 26–27.  Biondo sought exemptions for the claim totaling $35,648.74, meaning that she sought to prevent ("exempt") that sum from being distributed to her creditors.  The key exemption dealt with "payment[s]" she received "on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss." 11 U.S.C. § 522(d)(11)(D).  It sought to protect $23,675, the statutory maximum at the time. Revision of Certain Dollar Amounts in the Bankruptcy Code, 81 Fed. Reg. 8748, 8748 (Feb. 22, 2016).

Gold did not object to the exemptions.  He retained another law firm, Ratton Law Group, P.C., to pursue Biondo's claim.  Ratton sued Biondo's insurer, Progressive Marathon Insurance Company, and the driver who had hit Biondo's car, Christine Peterson.  After a few months, Progressive settled its case for $48,500.  Peterson settled her case for $70,000.  Progressive's settlement dealt with Biondo's medical expenses, attorney's fees, "lost wages," and all "other forms of economic or non-economic loss."  R.4 at 96–97.  Peterson's settlement covered "pain and suffering."  *Id.* at 69.

In the bankruptcy court, Biondo argued that $23,675 of the settlement proceeds remained exempt under § 522(d)(11)(D).  She added that, because Gold failed to object to her exemptions within the time prescribed by the Bankruptcy Rules, he forfeited any opportunity to say otherwise.  When Gold did not agree, Biondo moved to compel Gold to release the full $23,675. Gold opposed the motion, and the parties later settled.

Gold's firm sought $2,880 in fees for its work opposing the motion to compel release of the money.  Biondo objected, arguing that the firm's services did not count as "reasonably likely to benefit [Biondo's] estate or necessary to the administration of the case."  *Id.* at 194.  The bankruptcy court disagreed and awarded the fees.  Biondo appealed to the district court, which dismissed her appeal as equitably moot.

## II.

A bankruptcy court "may award . . . reasonable compensation" to a bankruptcy trustee's attorneys.  11 U.S.C. § 330(a)(1)(A).  "[T]he court shall not allow compensation for . . . services that were not" (1) "reasonably likely to benefit the debtor's estate" or (2) "necessary to the administration of the case."  *Id.* § 330(a)(4)(A)(ii).  We review fee awards for abuse of discretion.  *In re Vill. Apothecary, Inc.*, 45 F.4th 940, 946 (6th Cir. 2022).

As Biondo sees it, Gold raised groundless legal arguments in the bankruptcy court, making it unlikely his services would benefit her estate.  That framing of the appeal prompts two questions, *see United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020):  Did Gold have reasonable arguments that the Progressive and Peterson settlements fell outside § 522(d)(11)(D)?  And, even if he did, did Gold forfeit his objection by failing to raise it on time?

The answers to both questions favor Gold.  Start with the first question.  Section 522(d)(11)(D) exempts payments "on account of personal bodily injury" from distribution to creditors in bankruptcy.  But it excludes from that exemption payments for pain and suffering and for pecuniary losses, and courts typically read it to exclude payments for medical bills too.  11 U.S.C. § 522(d)(11)(D); *see* 4 Henry J. Sommer & Richard Levin, *Collier on Bankruptcy* ¶ 522.09[11] (16th ed. 2022).  That put the Peterson settlement outside § 522(d)(11)(D), as every dollar of it paid Biondo for pain and suffering.  And it opened the Progressive settlement to attack as well.  That settlement covered Biondo's medical bills, her attorney's fees, and lost wages.  It did not mention bodily injuries.  Gold did not act unreasonably in asking whether § 522(d)(11)(D) covered Biondo's settlements.

Turn to the second question.  A trustee forfeits objections to exemptions if he fails to raise them on time.  *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992).  The clock begins to tick when a debtor "claims" an exemption.  11 U.S.C. § 522(l); *see Schwab v. Reilly*, 560 U.S. 770, 782–85 (2010).  We have yet to decide what "claims" means for purposes of § 522(l), but many cases, though not all of them, say that a debtor "claims" an exemption when she unambiguously identifies particular property as exempt.  *Moldo v. Clark* (*In re Clark*), 266 B.R. 163, 170 (9th Cir. B.A.P. 2001); *see Barroso-Herrans v. Lugo-Mender* (*In re Barroso-Herrans*), 524 F.3d 341, 345 (1st Cir. 2008).  In construing claims, we presume that debtors "act lawfully and with knowledge of the law."  *Schwab*, 560 U.S. at 790.

These authorities made it reasonably likely that Biondo never claimed exemptions in her settlements and that Gold, as a result, never forfeited his objections.  Begin with the settlements. The Progressive and Peterson settlements dealt with harms beyond bodily injuries, at least arguably.  Thus Biondo never exempted them, and Gold forfeited nothing, if Biondo's initial "claims" covered only bodily injury payments.  Suppose, by analogy, that Biondo had claimed exemptions in "recoveries for personal bodily injuries, and nothing else."  Then Gold's objection would remain alive.  Biondo's claim, true enough, would trigger § 522(l) *as for bodily injury recoveries*.  But, given the premise of Gold's objection, the Progressive and Peterson recoveries would fall outside Biondo's claim—in the "nothing else" category.

Meanwhile, Biondo's claim *did* cover bodily injuries only, or so Gold could have argued. Consider Biondo's bankruptcy filings.  When Biondo filed for bankruptcy, she valued her accident payouts as "unknown" and claimed $23,675 under § 522(d)(11)(D).  That left ambiguity.  Had Biondo claimed a $23,675 exemption no matter what, even if she recovered only $1 from her lawsuits?  Or had she exempted her first $23,675 in recoveries, even if every dollar dealt with pain and suffering?  Or had she only exempted the first $23,675 *she might recover for her bodily injuries*?  The first option seems absurd, and Biondo's filings shed little light as to the other two possibilities.  When Gold picked the third option over the second, he did not act unreasonably, particularly given the principle that only unambiguous exemptions trigger § 522(l).  *See Clark*, 266 B.R. at 170.

Context confirms that conclusion. When debtors claim rights under specific provisions of the Bankruptcy Code, we usually read their claims to cohere with those provisions rather than conflict with them. Consider a parallel example. Suppose a debtor claims a $1,000 exemption under 11 U.S.C. § 522(d)(3), which covers "household furnishings," in "the contents of [his] bedroom." And suppose that the debtor's bedroom contains a bed, a chair, and a safe full of cash. Has the debtor claimed an exemption in his safe? Surely not. In context, "bedroom contents" means "bedroom contents that fall within § 522(d)(3)," including the bed and chair but not the safe. The same holds true today. Biondo's claim for $23,675 plausibly covered such settlement proceeds as might fall within § 522(d)(11)(D), not anything broader.

Relevant caselaw also helps Gold. *Mercer v. Monzack*, for instance, features similar facts and comes out Gold's way. 53 F.3d 1 (1st Cir. 1995). A debtor claimed "100%" exemptions in "[d]isability" and "future earnings" payouts from a "possible personal injury settlement." *Id.* at 1 & n.1. When the potential settlement became actual, the trustee objected that no exemption applied, as the settlement did not compensate the debtor for disabilities or lost future earnings. *Id.* at 1–2. The First Circuit held that the trustee had not forfeited his objection by waiting to make it. By claiming "100%" exemptions based on "[d]isability" and "future earnings," it reasoned, the debtor had not claimed 100% exemptions in his settlement. He had claimed 100% exemptions in recoveries *for disabilities and lost future earnings*, which the settlement did not cover. *Id.* at 3–4. So too here. Biondo claimed $23,675 in personal injury exemptions—but because Biondo's settlements did not deal with personal injuries, her claim (at least arguably) did not cover them.

Last but not least, important bankruptcy principles buttress Gold's position. Trustees rarely know the details of Chapter 7 debtors' assets from the start, and the Bankruptcy Rules do not give them much time to dig before the time for objections expires. That makes it crucial "that trustees . . . be able to determine precisely whether a listed asset is validly exempt simply by reading a debtor's schedules." *Hyman v. Plotkin* (*In re Hyman*), 967 F.2d 1316, 1319 n.6 (9th Cir. 1992). Reading Biondo's claim broadly, however, would frustrate that objective. It would punish Biondo's trustee for not knowing the unknowable—that Biondo's recoveries from her nascent auto accident case would not include $23,675 in damages for personal bodily injury. We

recognize that Biondo had competing interests in claiming her exemptions promptly, but it is hard to see why that interest justifies exemptions falling outside the Bankruptcy Code's boundaries. *Cf. Schwab*, 560 U.S. at 789–95 & nn.16–17.

Biondo pushes back. She notes that the *Mercer* debtor divided his settlement proceeds into different categories of damages and claimed a percentage of his settlement rather than a dollar value. Those differences may make *Mercer* distinguishable, but they would not compel a court to distinguish it and do not render Gold's broader reading of the case unreasonable. Nor do those distinctions respond to the principle, of which *Mercer* is but one application, that exemptions should be unambiguous and should be read to conform with the law. *See, e.g.*, *Schwab*, 560 U.S. at 790 n.17.

Biondo adds that car accidents often involve pain and suffering, such that Gold should have anticipated such a claim under her exemption. Her conclusion does not follow from her premises. Even if Biondo's recoveries *from her automobile accident* involved pain and suffering, Biondo did not unambiguously claim that she would seek to exempt all of those recoveries—only those recoveries as § 522(d)(11)(D) permitted her to exempt. Recall the bedroom analogy. Bedrooms often contain items besides household furnishings, but it does not follow that a debtor who claims exemptions in "the contents of his bedroom" exempts non-furnishing items (safes full of cash) from his estate. Nor must a trustee object to such exemptions immediately to protect the estate's rights.

Biondo continues that Ratton's own complaint sought damages for pain and suffering on Biondo's behalf. But Ratton filed its complaint more than a month after Biondo filed for bankruptcy. The question at any rate is not whether Gold knew or should have known that Biondo would recoup compensation for pain and suffering. The question is whether Gold knew or should have known that Biondo had claimed exemptions in such compensation, or whether, as the Bankruptcy Code required, Biondo had claimed exemptions only in the subset of such compensation that fell within § 522(d)(11)(D). The latter position was plausible, making Gold's objection plausible too.

Biondo observes that Gold could have avoided this problem by lodging a prophylactic objection to her exemption at the outset.  True, but irrelevant.  That Gold *could* have lodged a prophylactic objection did not obligate him to do so.  Plus, prophylactic objections can slow down bankruptcies and waste judicial resources.  *Schwab*, 560 U.S. at 792 n.18.

The bankruptcy court did not abuse its discretion in granting the request for fees.

### III.

The district court independently ruled that this case had become equitably moot.  If the district court thought this case had become *constitutionally* moot, we would be obliged to consider the point, as constitutional mootness implicates our jurisdiction.  *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).  But equitable mootness lacks traditional mootness's constitutional pedigree, and it does not go to our jurisdiction.  *Curreys of Neb., Inc. v. United Producers, Inc.* (*In re United Producers, Inc.*), 526 F.3d 942, 947 (6th Cir. 2008).  As a result, we need not consider equitable mootness today.

We affirm.